**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **NATASHA FORD, individually and on behalf of her minor child C.F. (MINOR),** | **COMPLAINT** |
| **Plaintiffs,** | |
| **vs.** | **CIVIL ACTION NO._____** |
| **EF EXPLORE AMERICA, INC,** | **PLAINTIFF DEMANDS A** |
| **HOLIDAY HOSPITALITY** | **TRIAL BY JURY** |
| **FRANCHISING, INC., HOLIDAY** | |
| **CLARK, LLC and** | |
| **U.S. SECURITY ASSOCIATES, INC.** | |
| **Defendants.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Natasha Ford, individually and on behalf of her minor child C.F., by way of this Complaint against Defendants, EF Explore America, Inc., Holiday Hospitality Franchising, LLC, Holiday Clark, LLC d/b/a Holiday Inn and U.S. Security Associates, Inc., alleges as follows:

### I.  THE PARTIES

1. Plaintiff and her minor child reside at 8911 Martin Luther King Blvd., Houston, Texas 77033.  Both Plaintiff and her minor child are citizens of the state of Texas.  The actions that form the basis of this Original Complaint occurred while Plaintiff, and her minor child, were in Clark, New Jersey, Union County on an educational trip.

2. At all times mentioned, Defendant, EF Explore America, Inc. was a corporation organized and existing in Cambridge, Massachusetts.  Defendant has its principal place of business at Two Education Circle, Cambridge, MA 02141.  At all relevant times, EF Explore

1

America, Inc. was transacting business in New Jersey and knew its actions would have consequences within the State of New Jersey.

3.   At all times mentioned, Defendant, Holiday Hospitality Franchising, Inc., is a privately held company organized and existing in Atlanta, Georgia.  Defendant has its principal place of business at Three Ravinia Drive, Suite 100, Atlanta, Georgia 30346.  At all relevant times, Holiday Hospitality Franchising, Inc. was transacting business in New Jersey and knew its actions would have consequences within the State of New Jersey.

4.   At all times mentioned, Defendant, Holiday Clark, LLC, was a limited liability company organized and existing in Clark, New Jersey.  Defendant has its principal place of business at 36 Valley Road, Clark, New Jersey 07066.  At all relevant times, Defendant owned and operated the Holiday Inn hotel where the events arose that for the basis of Plaintiff's Complaint.

5.   At all times mentioned, Defendant, U.S. Security Associates, Inc., was a corporation organized and existing in Roswell, Georgia.   Defendant has its principal place of business at 200 Mansell Court Fifth Floor, Roswell, Georgia 30076.  At all relevant times, Defendant maintains at least eight (8) offices in the state of New Jersey.  Thus, Defendant is transacting business in New Jersey and knew its actions would have consequences within the State of New Jersey.

## II.  VENUE AND JURISDICTION

6.   This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000), and Plaintiff, as well as her minor son, are citizens of a state which is different from the states where Defendants are incorporated and have their principal places of business.

7.   Venue is proper in this district, because the actions that give rise to this Original Complaint occurred within the jurisdiction of this Court.  Specifically, all actions took place in Clark, New Jersey located in Union County.  Further, the Clark Police Department conducted an investigation at the scene of the incident, Holiday Inn hotel in Clark, New Jersey; the guard (employed by Defendants) was charged with crimes related to the incident that forms the basis of this Complaint; and potential witnesses to the incident and the police investigation are likely to be located in New Jersey.

## III.  FACTUAL ALLEGATIONS

8.   Plaintiff is the mother of the minor child, referred to herein as C.F. C.F. is a 13 year old middle school student.  C.F., several of his classmates, and a group of parent chaperones were invited to travel to New York for five (5) days by Defendant EF Explore America, Inc.  The sole purpose of the trip was to expose the students to the arts and sites in New York City, including but not limited to Broadway, the Metropolitan Museum of Art, Central Park, Radio City Music Hall, Times Square, and the Statue of Liberty.

9.   Plaintiff and her son, as well as the other students and parents, were excited about the prospect of the middle school students having the opportunity to travel from Houston, Texas to New York City for this educational opportunity.

10. Plaintiff registered her son to attend the trip, organized and sponsored by Defendant EF Explore America, Inc.  At the time that Plaintiff registered her son for the trip, she was guaranteed, by representatives at EF Explore America, Inc., that her child, as well as the rest of his classmates and chaperones, would be safe and secure at all times during the trip.  Plaintiff paid a sum total of $2,288.00 to EF Explore America, Inc. for her son to attend the trip to New

York City.

11. EF Explore America, Inc. admittedly hired U.S. Security Associates, Inc. to provide security for the minor children while on the trip and to provide after-hours security (between the hours of 22:00 and 5:00 hours) for the children at the Holiday Inn hotel owned and operated by Holiday Clark, LLC d/b/a Holiday Inn.

12. Upon information and belief, EF Explore America, Inc. also contracted with Holiday Hospitality Franchising, LLC and Holiday Clark, LLC d/b/a Holiday Inn to provide lodging for the minor children and parent chaperones at the Holiday Inn hotel located at 36 Valley Road, Clark, New Jersey 07066.  The agents of U.S. Security Associates, Inc. were under the specific control of Defendant EF Explore America, Inc., Holiday Hospitality Franchising, LLC and Holiday Clark, LLC d/b/a Holiday Inn while on assignment at the Holiday Inn hotel during the relevant time period.

13. On June 12, 2017, a security guard[1] jointly employed by Defendants, U.S. Security Associates, Inc. and EF Explore America, Inc. was assigned to provide security for floors 2 and 5 of the Holiday Inn hotel located at 36 Valley Road, Clark, New Jersey 07066.  A group of seven (7) children, including minor child C.F., were staying in room numbers 245 and 250 on the second floor of the hotel.

14. At approximately 2:00 AM, the security guard contacted the group of boys and instructed the boys from room 250 to go into room 245.  The guard falsely claimed that he received a noise complaint, and he needed to speak with the boys before he was forced to call the minors' parents and the police.  In fear that the guard's false claims would get them into unwarranted trouble, the minor children did as they were instructed by the security guard.  The security guard then told

---

[1] According the "Investigation Report" issued by the Clark Police Department, the guard's name is Jeff but the last name is unknown at this time.

the children to get ready to shower and asked C.F. to accompany him down the hallway to the closet to get towels for the boys.  Again, C.F. did as he was told by the guard.  Notably, C.F., a 13 (thirteen) year old child, was always taught to follow the instructions of adults, especially those in uniform or persons of authority.  C.F. and the other boys viewed the security guard as an authority figure; and, thus adhered to his instructions and commands.

15. While in the hall closet of the hotel, the guard asked C.F. if he would like to view pornographic material on the guard's cell phone.  C.F. refused to look at the phone.  After C.F. declined to view the pornographic material, the guard began to touch C.F. on his chest and groped his penis through his clothes.  The guard then warned C.F. not to tell anyone about what happened because he could lose his job.

16. Upon returning the room, shocked and mortified at what occurred in the hall closet, C.F. attempted to take a shower.  While in the shower, the guard attempted to get in the shower with the minor child, C.F.

17. The guard remained in the room with the minor boys after C.F. took his shower.  While in the room the security guard "patted down" several of the boys as if he was conducting a "search"—but he was actually using the opportunity to fondle and grope the boys.  The security guard also used a pair of handcuffs on some of the minor children and lured them into the bathroom to further grope and assault the minor children.

18.  The actions taken by the guard were committed in the course and general scope of his employment, in pursuance of the authority given such employees by Defendants U.S. Security Associates, Inc. and EF Explore America, Inc.

19. On information and belief, at the time the security guard was hired by Defendants U.S. Security Associates, Inc. and EF Explore America, Inc., Defendants' agents knew or in the exercise of reasonable care should have known that the security guard (employee) was a person of dangerous disposition to children and disposed to assault minor children.  Under the circumstances, Defendants were negligent in employing this employee; retaining the employee in its employ; and supervising the employee while working with and in the privy of minor children.

20. Defendants had a special duty of care to Plaintiff and her minor son because of its employees' job requirement and Defendants' clientele.  Specifically, Defendants had a greater duty to do background investigations because of the nature of their business which put a dangerous employee in contact with particularly vulnerable third parties—here, middle school children, including but not limited to C.F.

21. In view of the relationship of trust between Defendants and its customers, and particularly Plaintiff and her minor child, Defendants owed a duty to those customers to protect them from harm to their persons or property at the hands of employees provided access and admittance to minor children.  Defendants knew or should have known, prior to their employee's assault on Plaintiff's minor child that their employee was totally unfit for a position that required a relationship of trust such as that described.

22. In view of the relationship of trust between Defendants and its customers, and particularly Plaintiff and her minor child, Defendants were reckless and grossly negligent in screening, hiring, retaining, and supervising such employee.

23. As a proximate result of the acts and omissions of Defendants, Plaintiff and her minor child have suffered pain and suffering, severe mental and emotional distress, and will continue to

suffer severe mental and emotional distress in the future, all as a result of Defendants acts and omissions.

24. By reason of the fact that Defendants knew or should have known of employees bad acts and nevertheless continued to employ the employee, Plaintiff is entitled to recover exemplary damages.

### IV.    COUNT 1- NEGLIGENCE AGAINST EF EXPLORE AMERICA, INC.

25. Plaintiff repeats and realleges each and every paragraph above as is set forth at length herein.

26. EF Explore America, Inc. had a duty to Plaintiff which Defendant breached, and Defendant is jointly and severally responsible for the acts of negligence which caused Plaintiff's injuries and damages, as well as the injuries and damages to Plaintiff's minor child.  Such acts of negligence include, but are not limited to:

   a.  Failing to exercise ordinary or reasonable care in hiring, training, supervising and maintaining its employees, servants, agents, officers and representatives; and

   b.  Failing to recognize, implement, and adhere to applicable rules, regulations and policies pertaining to their employees, servants, agents, officers and representatives.

27. Pleading further, Plaintiff will show that Defendant is involved in a joint enterprise as that term is defined at law.  At all times relevant hereto, Defendant had an agreement either express or implied, with U.S. Security Associates, Inc., Holiday Hospitality Franchising, LLC, and Holiday Clark LLC, d/b/a Holiday Inn with respect to the educational tour program attended by Plaintiff and her minor son, and with respect to the recruitment, training, placement,

employment, and policies and procedures that outline work for employees such as security guards.  Further, Defendant had a common purpose and a common business or pecuniary interest with an equal right to direct and control the enterprise.  Plaintiff paid over two thousand dollars ($2000) for her son to attend the educational tour—which covered the costs associated with the Holiday Inn hotel and security guard.

28. Furthermore, the Defendants are responsible for the acts and omissions of their, employees, servants, agents, officers and representative, including without limitation under the doctrine of respondeat superior and agency.

29. The breach of Defendant's duties proximately caused an injury to Plaintiff and her minor son; and for the purpose set forth herein, all Defendants, including EF Explore America are jointly and severally liable for the injuries and damages Plaintiff and her minor child sustained.

## V.      COUNT 2- NEGLIGENCE AGAINST HOLIDAY HOSPITALITY FRANCHISING, LLC

30. Plaintiff repeats and realleges each and every paragraph above as is set forth at length herein.

31. Holiday Hospitality Franchising, LLC is jointly and severally responsible for the acts of negligence which caused Plaintiff's injuries and damages, as well as the injuries and damages to Plaintiff's minor child.  Such acts of negligence include, but are not limited to:

    a.   Failing to exercise ordinary or reasonable care in hiring, training, supervising and maintaining its employees, servants, agents, officers and representatives;

    b.   Failing to recognize, implement, and adhere to applicable rules, regulations and policies pertaining to their employees, servants, agents, officers and representatives; and

c. Failing to properly supervise the premises in question; and

d. Failing to timely and adequately investigate and respond to Plaintiff's reports of criminal activity on Defendant's premises.

32. Pleading further Plaintiff would show that Defendant is involved in a joint enterprise as that term is defined at law. At all times relevant hereto, Defendant had an agreement either express or implied, with the other Defendants with respect to the educational tour program attended by Plaintiff and her minor son, and with respect to the recruitment, training, placement, employment, and policies and procedures that entail work for employees to secure persons like Plaintiff and her minor son. Further, Defendants, including Holiday Hospitality Franchising, LLC had a common purpose and a common business or pecuniary interest.

33. Furthermore, the Defendants are responsible for the acts and omissions of their, employees, servants, agents, officers and representative, including without limitation under the doctrine of respondeat superior and agency.

34. The breach of Defendant's duties proximately caused an injury to Plaintiff and her minor son; and for the purpose set forth herein, all Defendants, including Holiday Hospitality Franchising, LLC are jointly and severally liable for the injuries and damages Plaintiff and her minor child sustained.

## VI.    COUNT 3- HOLIDAY CLARK LLC D/B/A HOLIDAY INN

35. Plaintiff repeats and realleges each and every paragraph above as is set forth at length herein.

36. Holiday Clark, LLC d/b/a Holiday Inn is jointly and severally responsible for the acts of negligence which caused Plaintiff's injuries and damages, as well as the injuries and

damages to Plaintiff's minor child.  Such acts of negligence include, but are not limited to:

    a.  Failing to exercise ordinary or reasonable care in hiring, training, supervising and maintaining its employees, servants, agents, officers and representatives;

    b.  Failing to recognize, implement, and adhere to applicable rules, regulations and policies pertaining to their employees, servants, agents, officers and representatives; and

    c.  Failing to properly supervise the premises in question; and

    d.  Failing to timely and adequately investigate and respond to Plaintiff's reports of criminal activity on Defendant's premises.

37. Pleading further, Plaintiff would show that Defendant was involved in a joint enterprise as that term is defined at law.  At all times relevant hereto, Defendant had an agreement either express or implied, with the remaining Defendants with respect to the educational tour program attended by Plaintiff and her minor son, and with respect to the recruitment, training, placement, employment and policies and procedures that entail work for employees to secure persons like Plaintiff and her minor son.  Further, Defendants, including Holiday Clark LLC d/b/a Holiday Inn had a common purpose and a common business or pecuniary interest as portions of the monies paid by Plaintiff were used to cover the costs of lodging at Defendant's hotel.

38. Furthermore, the Defendants are responsible for the acts and omissions of their, employees, servants, agents, officers and representative, including without limitation under the doctrine of respondeat superior and agency.

39. The breach of Defendant's duties proximately caused an injury to Plaintiff and her minor;

and for the purpose set forth herein, all Defendants, including Holiday Clark LLC d/b/a Holiday Inn are jointly and severally liable for the injuries and damages Plaintiff and her minor child sustained.

## VII.    COUNT 4- U.S. SECURITY ASSOCIATES, INC.

40. Plaintiff repeats and realleges each and every paragraph above as is set forth at length herein.

41. U.S. Security Associates, Inc. is jointly and severally responsible for the acts of negligence which caused Plaintiff's injuries and damages, as well as the injuries and damages to Plaintiff's minor child.  Such acts of negligence include, but are not limited to:

 a. Failing to exercise ordinary or reasonable care in hiring, training, supervising and maintaining its employees, servants, agents, officers and representatives;

 b. Failing to recognize, implement, and adhere to applicable rules, regulations and policies pertaining to their employees, servants, agents, officers and representatives; and

 c. Failing to properly supervise the premises in question.

42. Pleading further Plaintiff would show that Defendant was involved in a joint enterprise as that term is defined at law.  At all times relevant hereto, Defendant had an agreement either express or implied, with the remaining Defendants with respect to the educational tour program attended by Plaintiff and her minor son, and with respect to the recruitment, training, placement, employment and policies and procedures that entail work for employees to secure persons like Plaintiff and her minor son.  Further, Defendants, including U.S. Security Associates, Inc. had a common purpose and a common business or pecuniary interest.

11

43. Furthermore, the Defendants are responsible for the acts and omissions of their, employees, servants, agents, officers and representative, including without limitation under the doctrine of respondeat superior and agency.

44. The breach of Defendant's duties proximately caused an injury to Plaintiff and her minor; and for the purpose set forth herein, all Defendants, including U.S. Security Associates, Inc. are jointly and severally liable for the injuries and damages Plaintiff and her minor child sustained.

## VIII.   COUNT 5- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

45.  Plaintiff reasserts and incorporates by reference all of the above numbered paragraphs.

46. Defendants acted intentionally, recklessly, and/or in a manner which was extreme and outrageous under the circumstances, and which caused severe and emotional distress to Plaintiff and her minor child.  As a direct and proximate result, Plaintiff and her minor son suffered damages.

## IX.   DAMAGES

47. Plaintiff sustained damages as a result of the actions and/or omissions of Defendants described herein.  Accordingly, Plaintiff is entitled to an award of actual and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court.  Plaintiff also seeks, on behalf of herself and her minor child, an award of damages for mental anguish and pain and suffering she and her son have suffered, continue to suffer, and will suffer in the future.

48. Additionally, as a result of Defendants' above-referenced actions and/or omissions, Plaintiff was required to retain counsel to protect and enforce her legal rights and the legal rights of her minor son.  Accordingly, Plaintiff also seeks compensation for the attorney's fees, as well as out-of-pocket expenses and costs of Court she will have incurred in this action.

## X.   <u>EXEMPLARY DAMAGES</u>

49. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages, and any and all such further relief as this Court deems just and proper.

## XI.   <u>DEMAND FOR A JURY TRIAL</u>

50. Plaintiff, individually and on behalf of her minor son, hereby demand a jury trial as to all issues so triable as a matter of right.

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of her minor son, demands upon

Defendants:

    a.   actual and compensatory damages;

    b.   punitive damages as allowed by law;

    c.   pre and post-judgment interest as allowed by law;

    d.   an award of attorneys' fees as allowed by law;

    e.   an award of taxable costs; and

    f.   any and all such further relief as this Court deems just and proper.

Respectfully submitted,

By: _____s/ Michael R. DiChiara_____
Michael R. DiChiara
77 Market St, Suite 2
Park Ridge, NJ 07656
T: 201-746-0303
F: 866-417-2333
md@kdlawllc.com

ATTORNEY FOR PLAINTIFF
NATASHA FORD, INDIVIDUALLY
AND ON BEHALF OF HER MINOR CHILD,
C.F.

Date: February 27, 2018