UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATASHA FORD, individually and on behalf of her minor child C.F. (Minor),<br><br>Plaintiffs,<br><br>v.<br><br>EF EXPLORE AMERICA, INC.; HOLIDAY CLARK, LLC; and U.S. SECURITY ASSOCIATES, INC.,<br><br>Defendants. | Civ. No. 18-2800 (KM)<br><br>**OPINION & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

By this motion (DE 85), the plaintiff seeks reconsideration of the Court's prior Opinions (DE 49, DE 83) and Order (DE 84). The earlier (DE 49) focused on the enforceability of a forum selection clause as between Ford and EF; the later (DE 83) focused on the enforceability of the clause in light of the interests of the non-signatory defendants. Both times, I found against plaintiff and ultimately transferred venue to the U.S. District Court for the District of Massachusetts. (DE 84) *See* 28 U.S.C. § 1404(a). In doing so, I applied *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017), *cert. denied*, 138 S. Ct. 1288 (2018). I write for the parties, and familiarity with the prior decisions and proceedings is assumed.

The standards governing a motion for reconsideration are well settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v.*

1

*CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, No. 3-cv-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, No. 7-cv-5938, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

The motion for reconsideration is succinct and focused, as it should be, on particular facts that the plaintiff did not possess at the time of the original decision. The plaintiffs state that, two days after my earlier decision, they obtained from defendants copies of certain records of the police department of Clark, New Jersey. The police investigation, plaintiffs state, revealed that the security guard had a criminal record. It also listed the names of some seven police officers or prosecutors involved in the case, as well as five employees of the hotel and U.S. Security. These the plaintiff refers to as "key witnesses," although the basis for any such conclusion is not stated.

Plaintiff first states that this evidence was unavailable, because the police department "had been served with an order to produce" but had not complied timely. The use of the passive voice obscures that it was the defendant who sought and obtained this information, and then shared it with the plaintiff. So the plaintiffs have not established that they themselves made diligent efforts to obtain such evidence in New Jersey, their preferred forum. I do not accept that the plaintiffs could not have uncovered these facts on their own, if they had made an effort to do so. For this reason alone, I would deny reconsideration.

At any rate, this allegedly newly discovered evidence would not sway the court's decision. As to Ford and the signatory, EF, the location of additional evidence or witnesses would not transform this into the "most unusual case" in which a contractual forum selection clause would be overridden. (*See* Opinion, DE 49.) Indeed, such private interests carry no weight as between parties who have contracted for a contrary result. *Howmedica*, 867 F.3d at 402. In short, it is likely that plaintiffs would be litigating, at least as against EF, in Massachusetts, irrespective as to my decision regarding other defendants.

As to the interests of other parties, the location of evidence and witnesses can play some role in the *Howmedica* calculus. It is, however, but one of the multiple "private interests" that are at stake. In my earlier opinion, I noted that many of the witnesses and documents would be located outside of New Jersey, although some would be in this state. Although I did not then focus on the law enforcement and prosecution personnel now named, it is not at all clear that they—as opposed to the facts they uncovered—would be such "key witnesses," as claimed. In any event, they remain available for examination, and this new material does not outweigh the factors of contractual choice, efficiency, etc., as well as the public interests discussed in the earlier opinion.

I do not lose sight, moreover, of the fundamental principle that it is primarily the interests of the nonsignatory codefendants that are implicated in this analysis. These codefendants do not object to a Massachusetts forum, and indeed are obligated to litigate any claims between themselves and EF in Massachusetts.

## ORDER

For the reasons stated above, the motion for reconsideration (DE 85 is **DENIED**.

*/s/ Kevin McNulty*
**KEVIN MCNULTY, U.S.D.J.**